McGREGOR W. SCOTT
United States Attorney
WILLIAM S. WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2790

FILED

SEP 25 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. S-06-451 EJG |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT |
| ) | |
| v. ) | |
| ) | |
| ROBERT ANTHONY McCLARY, ) | |
| ) | |
| Defendant. ) | |

I.

**INTRODUCTION**

   A.  **Scope of Agreement:** The Superseding Indictment in this case charges the defendant with Count Seven: 18 U.S.C. §§ 2113(a) and (d) - Armed Bank Robbery. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

   B.  **Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of

1

the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise the sentence he will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to Count Seven: 18 U.S.C. § 2113(a) and (d) - Armed Bank Robbery. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

## III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations:**

   **1. Acceptance of Responsibility:** The government shall recommend that the defendant receive a three-level downward adjustment in the base offense level pursuant to U.S.S.G. § 3E1.1(b) on the condition that the defendant fully accepts responsibility for his role in the offense.

   **2. Sentencing Recommendation:** The government agrees to recommend a sentence at the bottom of the guideline range as determined by the Court.

## IV.

## MAXIMUM SENTENCE

### A. 18 U.S.C. §§ 2113(a) and (d).

The maximum sentence the Court can impose on Count Seven is not more than twenty-five (25) years of incarceration, a five (5) year period of supervised release, a fine of Two Hundred Fifty Thousand ($250,000) Dollars, and a special assessment of One Hundred ($100) Dollars. If the defendant should violate a condition of supervised release, he can be returned to prison for up to three (3) years.

By signing this agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

## V.

## ELEMENTS OF THE OFFENSE

### A. 18 U.S.C. §§ 2113(a) and (d).

The defendant is charged in Count Seven of the Superseding Indictment with armed bank robbery in violation of Sections 2113(a) and (d) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant took from employees of the bank money belonging to the bank;

Second, the defendant used force and violence or intimidation in doing so;

Third, the deposits of the bank were then federally insured; and

Fourth, the defendant intentionally assaulted or put in jeopardy the life of any person by the use of a dangerous weapon or device in committing the offense.

## VI.

### SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 420 (2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII.

### WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if

4

1  already made; (b) to be tried by a jury; (c) to be assisted at trial
2  by an attorney, who would be appointed if necessary; (d) to subpoena
3  witnesses to testify on his behalf; (e) to confront and cross-
4  examine witnesses against him; and (f) not to be compelled to
5  incriminate himself.
6      **B.   Waiver of Appeal and Collateral Attack**: The defendant
7  agrees to waive all rights to appeal this plea and sentence and to
8  attack collaterally this plea and sentence whether by way of a
9  motion pursuant to 28 U.S.C. § 2255 or otherwise.
10     The defendant also gives up any right he may have to bring a
11 post-conviction attack on his conviction or his sentence.  He
12 specifically agrees not to file a motion under 28 U.S.C. § 2255 or
13 § 2241 attacking his conviction or sentence.
14     If the defendant's conviction on the count to which he is
15 pleading is ever vacated at the defendant's request, or his sentence
16 is ever reduced at his request, the government shall have the right
17 to file any new charges that would otherwise be barred by this
18 agreement.  The decision to pursue this option is solely in the
19 discretion of the United States Attorney's Office.  By signing this
20 agreement, the defendant agrees to waive any objections, motions,
21 and defenses he might have to the government's decision.  In
22 particular, he agrees not to raise any objections based on the
23 passage of time with respect to such charges including, but not
24 limited to, any statutes of limitation or any objections based on
25 the Speedy Trial Act or the Speedy Trial Clause of the Sixth
26 Amendment.
27 ///
28 ///

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 9/19/08

WILLIAM BONHAM
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and the sentencing factors pursuant to 18 U.S.C. § 3553(a) which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any

///
///

6

way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 9-19-08                    /s/ Robert A. McClary
                                  ROBERT ANTHONY McCLARY,
                                  Defendant

    C. **Attorney for United States**: I accept and agree to this Plea Agreement on behalf of the government.

DATED: September 23, 2008         McGREGOR W. SCOTT
                                  United States Attorney

                            By:   /s/ William S. Wong
                                  WILLIAM S. WONG
                                  Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

The parties agree that Exhibit A is only a summary of the facts and that the government and the defendant may provide additional facts to the Court at the time of the taking of the plea and sentencing.

**Count Seven - Bank of the West**

On April 13, 2006, at approximately 1021 hours, the Bank of the West, 229 S. Church Street, Lodi, California, was robbed by two Black males wearing blue coverall jumpsuits, ski masks, and gloves.

Once in the bank, Robber #1 started yelling for everyone to get on the ground. Robber #2 walked to the door next to a teller window and jumped over a three feet door and into the rear of the tellers' area. Both robbers began pulling on the teller drawers, but they were locked. One of the robbers yelled at an employee to open the money drawers. The bank employee stated that she needed the keys and retrieved them. The employee opened a cash drawer where the robber removed money from the teller drawer.

As one of the robbers began placing money into a cloth pillowcase with yellow, red, and orange stripes, the robber yelled to the manager, "You are gonna die." The robbers then fled the bank and got into a waiting Toyota Camry and drove away from the bank. An officer of the Lodi Police Department was just south of the robbery location when he heard the vehicle and subject descriptions broadcasted over the radio. He immediately spotted the vehicle and gave chase. After a short pursuit, three occupants of the suspect vehicle bailed out. After a short foot chase, Robert Anthony McClary was apprehended by the police. The other two robbers were not found.

Curtis Perry is now cooperating with the government and has identified Neal Edward Peterson, Jr., and Robert Anthony McClary as the two robbers who entered the Bank of the West to commit armed bank robbery. Perry participated in the robbery as the driver of the getaway vehicle. Perry stated that he and McClary wore new blue coveralls and Peterson wore an older jumpsuit that was previously used. Peterson had a dark beanie with one eye-hole (and joked that he was the "one-eyed" bandit) and McClary had a dark beanie with two eye-holes. Perry stated that he did not have a beanie as his role was simply to drive the vehicle. The plan included Peterson acting as the lobby/crowd control individual, while McClary would be the counter jumper to retrieve the money. Peterson, McClary, and Perry discussed that they would not use any real guns during this robbery and that Peterson would use a walkie-talkie device to simulate a handgun.

Peterson, McClary, and Perry departed Pittsburgh, California, in the mid-to-late morning and drove towards Rio Vista, California. McClary was driving a maroon Toyota Camry with Peterson in the right

8

front passenger seat. Perry followed in a rental car rented from Hertz in Concord, California, in the name of Yanta Moore. Once arriving in Rio Vista, Peterson decided against robbing that bank and instead continued on to the Bank of the West in Lodi, California.

Once in Lodi, Perry parked the rental car in an alley near the bank and got into the maroon Toyota Camry with Peterson and McClary. Peterson drove to the bank where Peterson and McClary got out and conducted the bank robbery. Perry stated that Peterson and McClary were in the bank a long time and he almost drove off. Ultimately, Peterson and McClary fled the bank and got into the Camry. As Perry drove off, a police unit followed in pursuit. After a short chase, Perry, Peterson, and McClary all foot-bailed. Perry and Peterson made it back to the rental car and fled the area, but McClary was apprehended and arrested by the police.

Once back at Perry's house in Pittsburgh, California, Peterson and Perry divided the money equally between themselves.

Perry identified both Peterson and McClary from bank surveillance photographs and identified the Toyota Camry, which was recovered.

The loss to the Bank of the West was approximately $3,775.00. The bank was insured by the Federal Deposit Insurance Corporation at the time of the robbery.